IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROGER G. FOLSOM, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 15-CV-182-JHP |
| | ) |
| DILLARD'S, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are Plaintiffs' Motion for Remand (Doc. No. 27), Defendants Dillard's Inc. and Dillard's Properties, Inc.'s Objection and Response (Doc. No. 35), and Plaintiffs' Reply (Doc. No. 36). For the reasons detailed below, Plaintiffs' Motion for Remand is **GRANTED.**

## BACKGROUND

This action was initiated by the filing of a petition in the District Court of Muskogee County, Oklahoma, on April 7, 2015. Plaintiffs allege that Plaintiff Roger G. Folsom tripped and fell at a Dillard's retail store in Tulsa, Oklahoma, as a result of unsafe and negligently-maintained flooring. Defendants subsequently removed the case to this Court. (Doc. No. 3). On July 30, 2015, Plaintiffs filed an unopposed Motion for Leave to Amend Their Initial Petition and Add Additional Party Defendants (Doc. No. 18), which this Court granted on July 31, 2015. (Doc. No. 19). On August 3, 2015, Plaintiffs filed an Amended Complaint, which added defendants Phillip Cook d/b/a PAC Properties, located in Tulsa, Oklahoma, and Hawkeye Custom Concrete, located in Sand Springs, Oklahoma. (Doc. No. 20). Plaintiffs now seek remand of this matter to state court, on the ground that diversity jurisdiction no longer exists. (Doc. No. 27). Defendants Dillard's Inc. and Dillard's Properties, Inc. (the "Dillard's Defendants") oppose remand, arguing that neither of the newly added defendants is

1

indispensable pursuant to Federal Rule of Civil Procedure 19 and that Plaintiffs joined the new defendants improperly with the sole purpose of destroying diversity. (Doc. No. 35).

## DISCUSSION

A party that invokes federal jurisdiction bears the burden of proving removal is proper. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.1995) (abrogated on other grounds by *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547 (2014)). Given the limited scope of federal jurisdiction, "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

Federal courts may possess subject matter jurisdiction over a matter based on diversity of citizenship under 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a)(1). When jurisdiction is based on diversity, each plaintiff must be diverse from each defendant, to have so-called complete diversity. *Ravenswood, Inv. Co., L.P. v. Avalon Correctional Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 & n.1 (1989)). In this instance, Plaintiffs contend this Court now lacks diversity jurisdiction over this action and remand is required, because both Plaintiffs and the newly joined defendants are located in Oklahoma. Citizenship of the parties is undisputed.

Even after a civil matter is properly removed to federal court pursuant to diversity jurisdiction, the federal district court must remand the case to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Moreover, "[i]f after removal the plaintiff seeks to join additional defendants whose

joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). This statute presents a district court with two options when non-diverse defendants are presented for joinder: either deny joinder or permit joinder and remand the case to state court. *McPhail v. Deere & Co.*, 529 F.3d 947, 951-52 (10th Cir. 2008).

Here, the Court has already determined that joinder of the non-diverse defendants is proper. (Doc. No. 19). Further, the Dillard's Defendants did not oppose joinder of the new defendants prior to their joinder. The time for the Dillard's Defendants to challenge joinder of the new defendants under Fed. R. Civ. P. 19 has passed, rendering their argument moot. As a result, remand is required under § 1447(e).

The Dillard's Defendants' "fraudulent joinder" argument also fails, because that doctrine cannot be applied to parties joined post-removal. *See Brewer v. United Parcel Serv., Inc.*, 2005 WL 3277774, at *4 (W.D. Okla. Dec. 2, 2005) (citing *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677-78 (5th Cir. 1999); *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999)). The Dillard's Defendants already had an opportunity to prevent joinder as improper—at the time joinder was considered—but declined that opportunity by conceding joinder was proper. (*See* Doc. No. 18).[1] Accordingly, this action is remanded to the District Court of Muskogee County, Oklahoma.

---

[1] Even if such an argument were permissible, the Dillard's Defendants have not met their burden to establish fraudulent joinder. Fraudulent joinder requires the removing party to demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citation omitted). Here, the Dillard's Defendants argue that Plaintiffs "have provided no support for the necessity of adding the two construction companies who performed work on the interior of the store" and that adding the new Defendants "has the sole purpose of destroying diversity." (Doc. No. 35). Even taken as true, this argument fails to demonstrate actual fraud or inability to establish a cause of action against the new defendants in state court.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Remand (Doc. No. 27) is **GRANTED.**

**IT IS SO ORDERED** this 9th day of November, 2015.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma